UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| BACKJOY ORTHOTICS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO: 6:14-cv-00249-JA-TBS |
| v. | ) |
| | ) JURY TRIAL REQUESTED |
| FORVIC INTERNATIONAL INC., WOOK YOON, and various JOHN DOES and JANE DOES, and ABC COMPANIES, | ) |
| | ) INJUNCTIVE RELIEF REQUESTED |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER GRANTING PLAINTIFF'S MOTION FOR
## TEMPORARY RESTRAINING ORDER

Plaintiff BACKJOY ORTHOTICS, LLC ("Plaintiff"), having filed its Complaint for injunctive relief and damages in this matter, and having moved *ex parte* for a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 4.05, on the basis that Defendants have misappropriated BackJoy's confidential, proprietary, and trade secret information and are using said information to manufacture, market, distribute, ship, offer for sale and sale worldwide, including in the United States, their own reproductions of Plaintiff's products (the "Copy Products"), as further described in paragraphs 4-6 and 41-44 as well as Exhibit K of the Complaint and Exhibit E of the Affidavit of Bing Howenstein, and have infringed Plaintiff's copyrighted material, as further described in paragraphs 45-49 of the Complaint and Exhibit G to the Affidavit of Bing Howenstein, and the Court having considered the Complaint as well as all memoranda, affidavits, and exhibits filed in support of the instant motion, hereby finds as follows:

1. The Complaint, states a claim upon which relief may be granted against Defendants FORVIC INTERNATIONAL, INC. and WOOK YOON ("Defendants") for, among other counts, breach of contract, unfair competition, copyright infringement, patent infringement, violation of the Florida Uniform Trade Secrets Act, and violation of the Florida Unfair and Deceptive Trade Practices Act; and

2. This Court has jurisdiction of the subject matter of this case as well as over the parties; and

3. Venue lies properly with this Court; and

4. Defendants are non-resident foreigners and are being served with judicial process in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"); and

5. This Court has authority to extend time limits for a temporary restraining order beyond the standard 14-day period. Pursuant to Fed. R. Civ. P. 65 (b)(2), *ex parte* temporary restraining orders generally are issued for no longer than 14 days. However, according to Fed. R. Civ. P. 65 (b)(2), this Court has the authority to extend the time limits for good cause; and

6. With respect to non-resident foreign defendants, this Court has the authority to extend the time limits by an appropriate period pending service can be effected via the Hague Convention and a preliminary injunction hearing scheduled (See H.D. Michigan, LLC v. Hellenic Duty Free Shops S.A., 694 F.3d 827, 844 (7th Cir. 2012)); and

7. Plaintiff is likely to succeed on its claims, including, but not limited to: (i) violation of the Florida Uniform Trade Secrets Act, Fla. Stat., §688.001, *et seq.*; (ii) breach of covenant not-to-compete; (iii) unfair competition/false advertising in violation of Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended ("the Lanham Act"); (iv) violation of the Florida

ME1 17595420v.1

Unfair and Deceptive Trade Practices Act, Florida Stat. § 501.201, *et seq.*; and (iv) copyright infringement in violation of 17 U.S.C. § 101, *et seq.* (the "Copyright Act"); and

8. Defendants' actions will result in immediate, continuing, and irreparable injury to Plaintiff if such activities are not restrained and enjoined; and

9. The balance of equities tip heavily in favor of Plaintiff and any harm to Plaintiff outweighs the potential inconvenience to Defendants' business interests; and

10. Public policy favors granting a temporary restraining order; and

11. Entry of an order other than this *ex parte* order would not adequately protect Plaintiff given the requirements for perfecting service on non-resident foreign defendants pursuant to the Hague Convention; and

IT APPEARING to the Court that Defendants are manufacturing, marketing, distributing, offering for sale, shipping, and/or selling the Copy Products worldwide, including the United States, and will continue to carry out such acts unless restrained by Order of this Court,

NOW, THEREFORE it is hereby ORDERED as follows:

Defendants, and all other persons or entities in active concert and participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby enjoined from, or assisting others in the following:

(a) Manufacturing, marketing, distributing, shipping, offering for sale, or selling the Copy Products, soliciting Plaintiff's clients or prospective clients or assisting others in solicitation, or disclosing Plaintiff's confidential, proprietary or trade secret information to others, including but not limited to Defendants' manufacturers;

(b) Utilizing infringing materials (as set forth in paragraphs 45-49 of the Complaint and Exhibit G to the Affidavit of Bing Howenstein) to advertise or otherwise market any

products or services in any manner whatsoever, including, *inter alia*, on Defendants' websites; and it is further

ORDERED that:

(a) This Temporary Restraining Order shall remain in effect from the date of this Order until a hearing on Plaintiff's subsequent preliminary injunction application, as set forth below, can be held;

(b) Plaintiff shall file proof of service with this Court within two (2) days of being notified that personal service has been perfected on Defendants in accordance with the requirements of the Hague Convention;

(c) Plaintiff shall file its application for preliminary injunction, and all papers in support thereof, within two (2) days of filing the proof-of-service notice listed in subparagraph (b) above;

(d) Defendants shall file answering papers, if any, within ten (10) days of the application for preliminary injunction. Any reply shall filed and served at the scheduled hearing; and it is further

ORDERED that the requirement to post a surety bond is hereby waived; and it is further

ORDERED that, in addition to formal service requirements in accordance with local rules, copies of this Order may be served by electronic mail, facsimile transmission, personal or overnight delivery, or U.S. Mail, by agents and employees of BackJoy on: (1) any Defendant in this action; and (2) any other person or entity that may be subject to any provision of this Order. To the extent it has not already done so, BackJoy shall attempt to accomplish service of this temporary restraining order and other relevant documents in accordance with Local Rule 4.05(b)(5). Defendants are hereby given notice that any act by them or any one of them in

4

violation of any of the terms of this Order may be considered and prosecuted as contempt of this Court; and it is further

ORDERED that upon two (2) days written notice to the Court and Plaintiff's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of this Order; and it is further

ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

DONE and so ORDERED in Chambers in Orlando, Florida on _____, 2014.

_____
JOHN ANTOON
UNITED STATES DISTRICT JUDGE

ME1 17595420v.1